IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 16 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-03148-BNB

JOHN W. WALSH,

Applicant,

v.

CHARLIE CRIST, Governor of the State of Florida, and
ANGEL MEDINA, Warden, Limon Correctional Facility,

Respondents.

## ORDER TRANSFERRING CASE

Applicant, John W. Walsh, is incarcerated at the Limon Correctional Facility in Limon, Colorado. Mr. Walsh has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 claiming that the State of Florida has violated his constitutional rights in connection with his request to be transferred to a prison in Canada pursuant to the Treaty Between the United States of America and Canada on the Execution of Penal Sentences, Mar. 2, 1977, 30 U.S.T. 6263. Mr. Walsh alleges that he is a citizen of Canada and that he is serving a Florida prison sentence. He further alleges that he was transferred from Florida to Colorado in 2000 pursuant to an interstate corrections compact. As relief he asks the Court to order the Governor of the State of Florida to process his application for a transfer to Canada under the terms of the treaty and to oversee the process to ensure that he is not denied equal protection.

The Court must construe the application liberally because Mr. Walsh is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be transferred to the United States District Court for the Northern District of Florida.

Pursuant to 28 U.S.C. § 2241(a), a writ of habeas corpus may be granted by "the district courts and any circuit judge within their respective jurisdictions." The United States Supreme Court has interpreted this provision as requiring jurisdiction over the applicant's custodian "even if the prisoner himself is confined outside the court's territorial jurisdiction." *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973). The Supreme Court reached this conclusion because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Id.* at 494-95.

The proper respondent in a habeas corpus action is "the person who has custody over [the applicant]." 28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). In most cases, there is "only one proper respondent to a given prisoner's habeas petition," and the proper respondent generally is "the warden of facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). However, "the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement." *Id.* at 438. Instead, a habeas applicant "who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Id.* For the

2

prisoner in *Braden* was serving a sentence in an Alabama prison pursuant to an Alabama conviction but he was challenging a detainer lodged against him in Kentucky state court. *See Braden*, 410 U.S. at 486-87. The Supreme Court held that the Kentucky court, rather than the Alabama warden, was the proper respondent because the Alabama warden was not "the person who [held] him in what [was] alleged to be unlawful custody." *Id.* at 494-95.

As noted above, Mr. Walsh is serving a Florida sentence in a Colorado state prison pursuant to a contractual agreement between the State of Florida and the State of Colorado. He names as respondents both the warden of the Colorado prison in which he is incarcerated and the Governor of the State of Florida. However, Mr. Walsh's claims in this action do not relate to his present physical confinement in the State of Colorado. Instead, Mr. Walsh is challenging actions taken by the State of Florida with respect to his request to be transferred to a prison in Canada pursuant to a treaty between the United States and Canada and the relief he seeks cannot be obtained by a writ of habeas corpus directed to a prison warden in Colorado. Therefore, the Court finds that the Colorado warden is not a proper respondent because the Colorado warden does not "exercise[] legal control with respect to the challenged 'custody.'" *Padilla*, 542 U.S. at 438.

The next question, then, is whether the Court may transfer this action to an appropriate district court in Florida. Although Mr. Walsh is not challenging the validity of his Florida conviction, the Court finds that cases in which prisoners incarcerated in one state challenge their convictions in other states are similar to the instant action. In those circumstances, district courts considering both *Padilla* and *Braden* "have

3

continued to hold that a case is properly transferred to the jurisdiction of conviction when the petitioner is housed in another state only for the convenience of and pursuant to a contractual relationship with the state wherein the conviction was rendered." *Holder v. Curley*, – F. Supp.2d –, 2010 WL 4366454 (E.D. Mich. Oct. 28, 2010). The same logic applies in the instant action because the warden of the Colorado prison in which Mr. Walsh is being held is not the true custodian with respect to the claims he is asserting. Therefore, the Court finds that it is appropriate and in the interest of justice to transfer this action to a district court in Florida pursuant to 28 U.S.C. § 1404(a). Because the address Mr. Walsh provides for the Governor of the State of Florida is in Tallahassee, Florida, the instant action will be transferred to the United States District Court for the Northern District of Florida. *See* 28 U.S.C. § 89(a). Accordingly, it is

ORDERED that the clerk of the Court transfer this action to the United States District Court for the Northern District of Florida.

DATED at Denver, Colorado, this 15th day of February, 2011.

BY THE COURT:

*[signature]*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03148-BNB

John W Walsh
Prisoner No. 105021
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on February 16, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk