**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

JOHN W. WALSH,

       Petitioner,

v.                                  CASE NO. 4:11cv64-MP-CAS

GOVERNOR RICK SCOTT, et al.,

       Respondent.

_____/

## O R D E R

    This matter is before the court on the Report and Recommendation of the magistrate judge (doc. 13), recommending that this case be dismissed with prejudice for failure to state a claim upon which relief can be granted.  The petitioner filed objections (doc. 16) and the court has conducted a de novo review of the objected to portions of the Report and Recommendation.  Upon consideration, the court agrees with the Report and Recommendation that this case should be dismissed with prejudice, but for the reason that the court lacks subject matter jurisdiction to provide the relief that petitioner seeks.

    The petitioner is a Canadian citizen who is imprisoned in a Colorado prison pursuant to a Florida conviction and sentence.  He  seeks to serve his sentence in Canada, and so made a request to the Governor of Florida for transfer under a certain treaty, the TREATY BETWEEN THE UNITED STATES OF AMERICA AND CANADA ON THE EXECUTION OF PENAL SENTENCES ("Canadian Bilateral Treaty").  He claims that the Governor of Florida improperly applied another treaty, the THE COUNCIL OF EUROPE CONVENTION ON THE TRANSFER OF SENTENCED PERSONS ("Council of Europe Treaty"), and denied his claim. The reason the choice of treaty matters, according to petitioner, is that the Canadian Bilateral Treaty purportedly contains certain mandatory language while the Council of Europe Treaty does not.

    As discussed more fully below, the choice of treaty is irrelevant in this instance. Under each of the three potentially applicable treaties, the Governor enjoys complete discretion, and thus the court lacks jurisdiction to provide the relief requested by petitioner.

In his objections, petitioner argues that the Canadian Bilateral Treaty "created specific mandatory conditions upon which a decisionmaker must (emphasis added) base their [sic] conclusions, providing the petitioner with an expectation of transfer and a right to due process." (Doc. 16, p. 21-22).  The language from the Canadian Bilateral Treaty that petitioner relies upon is the language addressing what the U.S. Attorney General "shall" consider.  Article III, Section 6 provides:

> In deciding upon the transfer of an Offender, the authority of each Party shall bear in mind all factors bearing upon the probability that transfer will be in the best interests of the Offender.

Petitioner contends this language creates limits on the discretion of the Governor.  The court disagrees.  To the extent this language applies to the Governor as decisionmaker, it is devoid of any specific directive that would dictate a particular outcome in any particular set of circumstances.  No limit is placed on the type of factors that may be considered other than a general directive to consider the best interests of the offender, which, in fact, does not limit discretion but invites a broad exercise of discretion.  The language creates no limits on discretion that could amount to a procedural protection nor does it create a substantive expectation of transfer.

Thus, the court agrees with the respondent's conclusion in its motion to dismiss (doc. 11) that the court lacks the jurisdiction to provide the type of relief requested by the petitioner.  Essentially, petitioner seeks to have this court to issue a writ of mandamus and "order the Governor of the State of Florida . . . to process his application for transfer to Canadian prison under the terms, conditions and purpose and intent of the Treaty . . . and approve and forward the Petitioner's request" to the appropriate Justice Department official. (Doc. 1, p. 21).  As explained above, however, the authority of the Governor under the treaty is completely discretionary.  A federal court may not direct a state governor as to how to exercise his discretion.[1]  *See generally  Moye v. Clerk, DeKalb County Superior*

---

[1]  The following rules regarding mandamus have evolved, dating back to *Marbury v. Madison*,1 Cranch, 137, 158 (1803):  "(1) A writ of mandamus may lawfully issue, from a court having jurisdiction, to compel an executive officer to perform a mere ministerial act, which does not call for the exercise of his judgment or discretion, but which the law gives him the power and imposes upon him the duty to do. (2) It may issue to command an executive officer to act and to decide, even though his act and decision involve the exercise of his judgment and discretion; but in such a case it may not direct him in what particular way he shall act or decide. It may not lawfully issue to command or control an executive officer in the discharge of those

*Court*, 474 F.2d 1275, 1276 (5th Cir.1973);[2] *Garland v. Florida Department of Law Enforcement*, 2009 WL 1918975 (M.D. Fla. 2009). As noted in Doc. 11, the Governor considered petitioner's application (see attach. 1 to Doc. 11) and, in his discretion, denied it. The court lacks jurisdiction to second guess that exercise of the Governor's discretion.

Accordingly, it is now **ORDERED** as follows:

1. The Report and Recommendation (doc. 13), is adopted to the extent discussed above.

2. The Motion to Dismiss (doc. 11) is GRANTED, and this case is DISMISSED WITH PREJUDICE for lack of jurisdiction.

3. Pursuant to § 2254 Rule 11(a), a certificate of appealability is DENIED.

**DONE and ORDERED** this 8th day of August, 2012.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

of his duties which involve the exercise of his judgment or discretion either in the construction of the law, or in determining the existence or effect of the facts. (3) It may not lawfully issue to review, reverse, or correct the erroneous decisions of an executive officer in such cases, even though there may be no other method of review or correction provided by law." *Kimberlin v. Comm'n to Five Civilized Tribes*, 104 F. 653, 658 (8th Cir. 1900) (internal citations omitted). *Cf.* 28 U.S.C. § 1361 (granting original jurisdiction in the nature of mandamus to compel an officer of the Untied States to perform a duty owed). "Mandamus will not lie to correct mere abuses of discretion." *See In re Evans*, 524 F.2d 1004, 1007 (5th Cir. 1975).

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting the case law of the former Fifth Circuit developed before October 1, 1981, as precedent in this circuit).